UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| David Chapdelaine,<br><br>          Plaintiff,<br>v.<br><br>Trans-Continental Credit & Collection Corp. ; and DOES 1-10, inclusive,<br><br>          Defendants. | Civil Action No.: _____<br><br><br><br>COMPLAINT<br><br><br>May 25, 2011 |

For this Complaint, the Plaintiff, David Chapdelaine, by undersigned counsel, states as follows:

## JURISDICTION

1.    This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2.    Supplemental jurisdiction over Plaintiff's state law claim exists pursuant to 28 U.S.C. § 1367.

3.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.    The Plaintiff, David Chapdelaine ("Plaintiff"), is an adult individual residing in Beacon Falls, Connecticut, and is a "consumer" as the term is defined

by 15 U.S.C. § 1692a(3).

5. Defendant Trans-Continental Credit & Collection Corp. ("Trans-Continental"), is a New York business entity with an address of 44 South Broadway, Fourth Floor, White Plains, New York 10601, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Trans-Continental and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Trans-Continental at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. **The Debt**

8. The Plaintiff incurred a financial obligation (the "Debt") to St. Vincent's Medical Center (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Trans-Continental for collection, or Trans-Continental was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Trans-Continental Engages in Harassment and Abusive Tactics

12. Trans-Continental contacted the Plaintiff in November, 2010, concerning the Debt.

13. In the beginning of January, Trans-Continental advised Plaintiff that he would be able to settle the debt for less than the total amount due.

14. Plaintiff wished to do so and stated he would pay the account in one lump sum. He also provided Trans-Continental his checking number for a direct debit from his account.

15. Plaintiff informed Trans-Continental he would only agree to a one time lump sum payment.

16. Trans-Continental told Plaintiff he needed to make a "good faith payment" of $200 before they provided him either a lower settlement amount or a lump sum payoff amount.

17. Trans-Continental told Plaintiff the "good faith payment" would be taken out on January 14, 2011.

18. Plaintiff rejected that proposal and insisted that his payoff be in one amount. Plaintiff told Trans-Continental it could take the lump sum amount out of his account on January 14, 2011, but only if they called him back and confirmed the total amount they would withdraw.

19. Trans-Continental did not contact the Plaintiff and confirm the amount it would withdraw.

20. Trans-Continental did not send any communication advising Plaintiff Trans-Continental would take $200 from his checking account on January 14,

2011.

21.     Without authorization or prior to notice to the Plaintiff, Trans-Continental took $200 from Plaintiff's checking account on January 14, 2011.

22.     Because the Plaintiff did not authorize and was not aware that Trans-Continental would debit money from his account there were insufficient funds to cover the $200 deduction and Plaintiff incurred an overdraft fee.

C.  <u>Plaintiff Suffered Actual Damages</u>

23.     The Plaintiff has suffered actual damages as a result of the Defendants' unlawful conduct.

24.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered anger, emotional distress, frustration and embarrassment.

<b><u>COUNT I</u><br><u>VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.</u></b>

25.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26.     The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

27.     The Defendants' conduct violated 15 U.S.C. § 1692f(2) in that Defendants failed to notify the Plaintiff in writing of its intent to withdraw funds from his checking account.

28.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect the Debt.

29.     The foregoing acts and omissions of the Defendants constitute

numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT, Conn. Gen. Stat. § 42-110a, et seq.

31. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The Defendants and Plaintiff are persons as defined by Conn. Gen. Stat. § 42-110a(3).

33. The Defendants engaged in unfair and deceptive acts and practices in the conduct of its trade by withdrawing funds from Plaintiff's checking account without authorization. Defendants' conduct violated Conn. Gen. Stat. § 42-110b(a).

34. As a result of Defendants' conduct caused the Plaintiff to suffer an ascertainable loss of money.

35. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

> 1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Actual damages pursuant to Conn. Gen. Stat. § 42-110g;

5. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

6. Punitive damages; and

7. Such other and further relief as may be just and proper.

TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: May 25, 2011

Respectfully submitted,

By /s/ Sergei Lemberg

Sergei Lemberg, Esq.
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (888) 953-6237
Attorney for Plaintiff